**RCC**

**FILED**
**DECEMBER 21, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**07 C 7194**

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD MCDOUGALL, Trustee,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CHESTER C. LINCK, an individual,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)　Case No.<br>)<br>)　Judge<br>)<br>)<br>)<br>)<br>)<br>) |

**JUDGE LEFKOW**
**MAGISTRATE JUDGE NOLAN**

## COMPLAINT

Plaintiffs, the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall, one of its present Trustees (collectively, the "Pension Fund"), for their cause of action against the Defendant Chester C. Linck ("Linck"), allege as follows:

### JURISDICTION AND VENUE

1.　This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

2.　This Court has jurisdiction over this action under ERISA Sections 502(e), 502(f), 4204(a)(2) and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), 1384(a)(2), and 1451(c).

3.　Venue lies in this Court under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Cook County, Illinois.  Venue in this district is also proper under the Pension Fund Trust Agreement.

## PARTIES

4.  Plaintiff Pension Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). Plaintiff Trustees are the present trustees of the Pension Fund and are collectively the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60018.

5.  Pursuant to ERISA Section 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of purpose of collecting withdrawal liability in accordance with ERISA Section 4204(a)(2), 29 U.S.C. § 1384(a)(2).

6.  Defendant Linck is an individual and a resident of Wisconsin. At all times relevant hereto, he was the sole shareholder of C.C. Linck, Inc. ("CCL").

7.  CCL was a Wisconsin corporation with its principal place of business located in Beaver Dam, Wisconsin.

**Sale of CCL's Assets**

8.  CCL was subject to a collective bargaining agreement, executed between itself and a local union affiliated with the International Brotherhood of Teamsters ("IBT") under which CCL was required to make contributions to the Pension Fund on behalf of certain of its employees.

9. CCL's obligation to contribute to the Pension Fund ceased on or about June 12, 2002 when it sold its assets to Kopplin & Kinas Co., Inc. ("K&K"). K&K subsequently transferred its rights under the Asset Purchase Agreement to Linck Aggregates, Inc. ("Aggregates") on or about June 27, 2002.

10. As a result of this asset sale, CCL effected a complete withdrawal from the Pension Fund. However, CCL and Aggregates had structured the asset sale to comply with the requirements of ERISA Section 4204(a)(1), 29 U.S.C. § 1384(a)(1) in order to exempt the sale from withdrawal liability.

11. Under ERISA Section 4204(a)(1), an employer's bona-fide, arm's length sale of assets to an unrelated party does not trigger withdrawal liability if the sale meets the following requirements:

(A) the purchaser has an obligation to contribute to the pension plan with respect to the purchased operations;

(B) the purchaser provides a five-year bond which is payable to the pension plan if the purchaser withdraws from the plan, or fails to make a contribution to the plan when due, during the first five plan years after the sale; and

(C) the contract for sale provides that, during the first five plan years after the sale, the seller is secondarily liable for any withdrawal liability it would have had to the plan with respect to the sold operations if the purchaser's liability to the plan is not paid.

12.     ERISA Section 4204(a)(2) provides that the seller must pay to the plan the withdrawal liability that would have been due from the seller, but for the operation of ERISA Section 4204(a)(1), if the purchaser withdraws from the plan before the last day of the fifth year beginning after the sale and fails to make any withdrawal liability payments when due.

13.     The Pension Fund subsequently determined that the sale of CCL's assets to Aggregates satisfied the requirements of ERISA Section 4204(a)(1), 29 U.S.C. § 1384(a)(1). Therefore, the sale of CCL's assets to Aggregates was exempted from withdrawal liability, as long as the conditions set forth in ERISA Section 4204(a)(1), 29 U.S.C. § 1384(a)(1) continued to be met.

**Aggregates' Withdrawal From the Pension Fund**

14.     Aggregates was subject to collective bargaining agreements executed between itself and a local union affiliated with the IBT under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

15.     As a result of a decline in Aggregates' contributions to the Pension Fund, the Pension Fund determined that on December 31, 2004, Aggregates effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(1), 29 U.S.C. § 1385(a)(1).

16.     As a result of this partial withdrawal, Aggregates incurred withdrawal liability to the Pension Fund in the amount of $407,140.15 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b).

17.     On July 20, 2007, Aggregates received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Sections


4202(2) and 4219(b)(1), 29 U.S.C. §§ 1328(2) and 1933(b)(1). The notice and attached invoice notified Aggregates that it was required to discharge its liability in a lump sum or in 46 monthly payments of $9,837.46 commencing on August 1, 2007, and a final payment in the amount of $3,839.58 due on June 1, 2011.

18. On August 20, 2007, Aggregates received a notice from the Pension Fund that its withdrawal liability payments were past and which forewarned Aggregates of the consequences of its failure to pay such liability pursuant to ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

19. Aggregates did not timely initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1). Consequently, the amount demanded by the Pension Fund is due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

20. Aggregates has failed to remit any withdrawal liability payments to the Pension Fund and is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

21. On November 30, 2007, CCL, through Linck, received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Section 4204(a)(2), 29 U.S.C. §§ 1384(a)(2). The notice and demand notified CCL that it was required to discharge its liability in a lump sum in the amount of $458,580.13 on or before December 7, 2007, as a result of Aggregates' failure to remit its withdrawal liability payments when due.

22. Upon information and belief, CCL's business was liquidated, its remaining assets distributed to Linck, and its corporate charter dissolved by the Wisconsin Secretary of State on October 24, 2007.

23. As a result of CCL's liquidation, dissolution, and distribution to Linck of CCL's assets, Linck replaces CCL for the purposes of the assessment and collection of the secondary withdrawal liability CCL owes to the Pension Fund as a result of Aggregates' default.

24. Linck has failed to remit the withdrawal liability payment to the Pension Fund as required by ERISA Section 4204(a)(2), 29 U.S.C. § 1384(a)(2).

**WHEREFORE,** Plaintiffs the Central States, Southeast and Southwest Areas Pension Fund and Howard McDougall request the following relief:

A. A judgment against Defendant Chester C. Linck, an individual and resident of Wisconsin, and in favor of the Plaintiffs, pursuant to ERISA Sections 502(g)(2), 4301(b) and 4204(a)(2), 29 U.S.C. §§ 1132(g)(2), 1451(b) and 1384(a)(2) for:

   i) $458,580.13 in withdrawal liability;

   ii) interest on the entire amount of the withdrawal liability assessment computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by the Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which interest is charged, compounded annually;

   iii) an amount equal to the greater of interest on the withdrawal liability or liquidated damages equal to twenty percent (20%) of the unpaid

        withdrawal liability; and

        iv)    attorneys' fees and costs.

B.    Post-judgment interest from the date the judgment is entered until the date of payment, computed and charged to on the entire judgment balance at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by Chase Manhattan Bank (New York, New York) for the fifteenth (15th) day of the month for which the interest is charged and shall be compounded annually; and

C.    For such other or different relief as this Court may deem proper and just.

Respectfully submitted,

*Cathy L. Rath*

Cathy L. Rath (ARDC # 62725744)
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension Fund
9377 W. Higgins Road
Rosemont, Illinois 60018-4938
(847) 518-9800, Ext. 2343

December 21, 2007