**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and HOWARD McDOUGALL, Trustee, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 07-C-7194 |
| v. | ) ) | Judge Lefkow |
| CHESTER C. LINCK, | ) ) ) | Magistrate Judge Nolan |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Chester C. Linck ("Defendant"), by his attorneys, submits his Answer and Affirmative Defenses to the Complaint of Plaintiffs Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Howard McDougall, as follows:

**ANSWER**

**PARAGRAPH NO. 1:**

This is an action for collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from the Pension Fund.

**ANSWER:**

Defendant admits that Plaintiffs purport to state a cause of action for the collection of withdrawal liability, interest and penalties incurred from the alleged withdrawal from the Pension Fund. Defendant denies any remaining allegations in paragraph 1.

**PARAGRAPH NO. 2:**

This Court has jurisdiction over this action under ERISA Sections 502(e), 502(f), 4204(a)(2) and 4301(c), 29 U.S.C. §§ 1132(e), 1132(f), 1384(a)(2) and 1451(c).

**ANSWER:**

Defendant states that the allegations in paragraph 2 state legal conclusions requiring no answer by Defendant. To the extent an answer is necessary, Defendant admits the allegations in paragraph 2.

**PARAGRAPH NO. 3:**

> Venue lies in this Court under ERISA Sections 502(e)(2) and 4301(d), 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is administered at its principal place of business in Rosemont, Cook County, Illinois. Venue in this district is also proper under the Pension Fund Trust Agreement.

**ANSWER:**

Defendant states that the allegations in paragraph 3 state legal conclusions requiring no answer by Defendant. To the extent an answer is necessary, Defendant admits the allegations in paragraph 3.

**PARAGRAPH NO. 4:**

> Plaintiff Pension Fund is a multiemployer pension plan within the meaning of ERISA Sections 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3), and an employee benefit plan within the meaning of ERISA Section 3(3), 29 U.S.C. § 1002(3). Plaintiff Trustees are the present trustees of the Pension Fund and are collectively the plan sponsor of the Pension Fund within the meaning of ERISA Section 4001(a)(10)(A), 29 U.S.C. § 1301(a)(10)(A). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois 60016.

**ANSWER:**

Defendant states that the allegations in paragraph 4 state legal conclusions requiring no answer by Defendant. Further answering, Defendant denies that all Trustees of the Pension Fund are plaintiffs to this action and admits that only Trustee Howard McDougall is a named Plaintiff. To the extent an answer is necessary with respect to the legal conclusions, Defendant admits the remaining allegations in paragraph 4.

**PARAGRAPH NO. 5:**

    Pursuant to ERISA Section 502(a)(3) and 4301(a)(1), 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees are authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of purpose of [sic.] collecting withdrawal liability in accordance with ERISA Section 4204(a)(2), 29 U.S.C. § 1384(a)(2).

**ANSWER:**

    Defendant states that the allegations in paragraph 5 state legal conclusions requiring no answer by Defendant. To the extent an answer is necessary, Defendant admits the allegations in paragraph 5.

**PARAGRAPH NO. 6:**

    Defendant Linck is an individual and a resident of Wisconsin. At all times relevant hereto, he was the sole shareholder of C.C. Linck, Inc. ("CCL").

**ANSWER:**

    Defendant states that at the time of CCL's liquidation, Defendant admits the allegations in paragraph 6. Defendant denies any remaining allegations in paragraph 6.

**PARAGRAPH NO. 7:**

    CCL was a Wisconsin corporation with its principal place of business located in Beaver Dam, Wisconsin.

**ANSWER:**

    Defendant admits the allegations in paragraph 7.

**PARAGRAPH NO. 8:**

    CCL was subject to a collective bargaining agreement, executed between itself and a local union affiliated with the International Brotherhood of Teamsters ("IBT") under which CCL was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:**

    Defendant admits the allegations in paragraph 8.

**PARAGRAPH NO. 9:**

CCL's obligation to contribute to the Pension Fund ceased on or about June 12, 2002 when it sold its assets to Kopplin & Kinas Co., Inc. (K&K). K&K subsequently transferred its rights under the Asset Purchase Agreement to Linck Aggregates, Inc. ("Aggregates") on or about June 27, 2002.

**ANSWER:**

Defendant admits the allegations in paragraph 9.

**PARAGRAPH NO. 10:**

As a result of this asset sale, CCL effected a complete withdrawal from the Pension Fund. However, CCL and Aggregates had structured the asset sale to comply with the requirements of ERISA Section 4204(a)(1), 29 U.S.C. § 1384(a)(1) in order to exempt the sale from withdrawal liability.

**ANSWER:**

Defendant admits that as a result of the asset sale, CCL terminated its obligations to contribute to the Pension Fund and that CCL and Aggregates structured the asset sale, in part, to comply with the requirements of ERISA Section 4204(a)(1) in order to exempt the sale from any alleged withdrawal liability under ERISA. Defendant denies the remaining allegations in paragraph 10.

**PARAGRAPH NO. 11:**

Under ERISA Section 4204(a)(1), an employer's bona-fide, arm's length sale of assets to an unrelated party does not trigger withdrawal liability, if the sale meets the following requirements:
    (A) the purchaser has an obligation to contribute to the pension plan with respect to the purchased operations;
    (B) the purchaser provides a five-year bond which is payable to the pension plan if the purchaser withdraws from the plan, (or fails to make a contribution to the plan when due, during the first five plan years after the sale; and
    (C) the contract for sale provides that, during the first five plan years after the sale, the seller is secondarily liable for any withdrawal liability it would have had to the plan with respect to the sold operations if the purchaser's liability to the plan is not paid.

**ANSWER:**

Defendant states that the allegations in paragraph 11 state legal conclusions requiring no answer by Defendant. To the extent an answer is necessary, Defendant denies the allegations in paragraph 11.

**PARAGRAPH NO. 12:**

> ERISA Section 4204(a)(2) provides that the seller must pay to the plan the withdrawal liability that would have been due from the seller, but for the operation of ERISA Section 4204(a)(1), if the purchaser withdraws from the plan before the last day of the fifth year beginning after the sale and fails to make any withdrawal liability payments when due.

**ANSWER:**

Defendant states that the allegations in paragraph 12 state legal conclusions requiring no answer by Defendant. To the extent an answer is necessary, Defendant denies the allegations in paragraph 12.

**PARAGRAPH NO. 13:**

> The Pension Fund subsequently determined that the sale of CCL's assets to Aggregates satisfied the requirements of ERISA Section 4204(a)(1), 29 U.S.C. § 1384(a)(1). Therefore, the sale of CCL's assets to Aggregates was exempted from withdrawal liability, as long as the conditions set forth in ERISA Section 4204(a)(1), 29 U.S.C. § 1384(a)(1) continued to be met.

**ANSWER:**

On information and belief, Defendant admits that the Pension Fund determined that the sale of CCL's assets satisfied the requirements of ERISA Section 4204(a)(1). Defendant states that the remaining allegations in paragraph 13 state legal conclusions requiring no answer by Defendant. To the extent an answer is necessary, Defendant denies the allegations in paragraph 13.

**PARAGRAPH NO. 14:**

    Aggregates was subject to collective bargaining agreements executed between itself and a local union affiliated with the IBT under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

**ANSWER:**

    Defendant is without in formation or knowledge sufficient either to admit or to deny the

allegations in paragraph 14.

**PARAGRAPH NO. 15:**

    As a result of a decline in Aggregates' contributions to the Pension Fund, the Pension Fund determined that on December 31, 2004, Aggregates effected a "partial withdrawal" from the Pension Fund as defined in ERISA Section 4205(a)(1), 29 U.S.C. § 1385(a)(1).

**ANSWER:**

    Defendant is without information or knowledge sufficient either to admit or to deny the

averments in Paragraph 15.

**PARAGRAPH NO. 16:**

    As a result of this partial withdrawal, Aggregates incurred withdrawal liability to the Pension Fund in the amount of $407,140.15 as determined under ERISA Section 4201(b), 29 U.S.C. § 1381(b).

**ANSWER:**

    Defendant is without information or knowledge sufficient either to admit or to deny the

averments in Paragraph 16.

**PARAGRAPH NO. 17:**

    On July 20, 2007, Aggregates received a notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Sections 4202(2) and 4219(b)(1), 29 U.S.C. §§ 1328(2) and 1933(b)(1). The notice and attached invoice notified Aggregates that it was required to discharge its liability in a lump sum or in 46 monthly payments of $9,837.46 commencing on August 1, 2007, and a final payment in the amount of $3,839.58 due on June 1, 2011.

**ANSWER:**

Defendant is without information or knowledge sufficient either to admit or to deny the averments in Paragraph 17.

**PARAGRAPH NO. 18:**

On August 20, 2007, Aggregates received a notice from the Pension Fund that its withdrawal liability payments were past and which forewarned Aggregates of the consequences of its failure to pay such liability pursuant to ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

**ANSWER:**

Defendant is without information or knowledge sufficient either to admit or to deny the averments in paragraph 18.

**PARAGRAPH NO. 19:**

Aggregates did not timely initiate arbitration pursuant to ERISA Section 4221(a)(1), 29 U.S.C. § 1401(a)(1). Consequently, the amount demanded by the Pension Fund is due and owing pursuant to ERISA Section 4221(b)(1), 29 U.S.C. § 1401(b)(1).

**ANSWER:**

Defendant is without information or knowledge sufficient either to admit or to deny the averments in Paragraph 19.

**PARAGRAPH NO. 20:**

Aggregates has failed to remit any withdrawal liability payments to the Pension Fund and is in default within the meaning of ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5).

**ANSWER:**

Defendant is without information or knowledge sufficient either to admit or to deny the averments in Paragraph 20.

**PARAGRAPH NO. 21:**

On November 30, 2007, CCL, through Linck, received notice and demand for payment of withdrawal liability issued by the Pension Fund in accordance with ERISA Section 4204(a)(2), 29 U.S.C. § 1384(a)(2). The notice and demand notified CCL that it was required to discharge its liability in a lump sum in the amount of $458,580.13 on or before December 7, 2007, as a result of Aggregates' failure to remit its withdrawal liability payments when due.

**ANSWER:**

Defendant admits that on or about November 30, 2007, CCL, through Defendant, received the Pension Fund's notice and demand for payment of withdrawal liability. Defendant further states that the Pension Fund's notice and demand for payment speaks for itself. To the extent that the allegations in paragraph 21 do not accurately summarize the statements made in the notice and demand for payment, Defendant denies the allegations.

**PARAGRAPH NO. 22:**

Upon information and belief, CCL's business was liquidated, its remaining assets distributed to Linck, and its corporate charter dissolved by the Wisconsin Secretary of State on October 24, 2007.

**ANSWER:**

Defendant admits the allegations in paragraph 22.

**PARAGRAPH NO. 23:**

As a result of CCL's liquidation, dissolution, and distribution to Linck of CCL's assets. Linck replaces CCL for the purposes of the assessment and collection of the secondary withdrawal liability CCL owes to the Pension Fund as a result of Aggregates' default.

**ANSWER:**

Defendant denies the allegations in paragraph No. 23.

**PARAGRAPH NO. 24:**

Linck has failed to remit the withdrawal liability payment to the Pension Fund as required by ERISA Section 4204(a)(2), 29 U.S.C. § 1384(a)(2).

**ANSWER:**

Defendant denies the allegations in paragraph No. 24.

## AFFIRMATIVE DEFENSES

For his affirmative defenses to the Complaint, Chester C. Linck states as follows:

1. No withdrawal liability is due from Defendant because CCL qualified for an exemption from withdrawal liability under ERISA.

2. Any withdrawal liability required by Defendant to be paid to the Pension Fund should be due in annual installments.

3. The Pension Fund will be unjustly enriched if Defendant is required to pay withdrawal liability to the Pension Fund.

4. The Pension Fund's cause of action may be untimely under the applicable statute of limitations under ERISA.

WHEREFORE, Defendant Chester C. Linck respectfully requests that this Court enter judgment in his favor and against Plaintiffs, award him its reasonable attorneys' fees and costs, and grant him any and all such further relief as this Court deems equitable and just.

This 31st day of January, 2008

Respectfully submitted,

/s/ Michael T. Graham
Michael T. Graham
McDermott Will & Emery LLP
227 West Monroe Street
Chicago, Illinois  60606-5096
Telephone:  312.984.3606
Facsimile:  312.984.7700
Email:  mgraham@mwe.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

I, Michael T. Graham, certify that I caused a true and correct copy of the foregoing Motion for Leave to Withdraw Appearances of Counsel to be served upon the following counsel of record via the Court's Case Management/Electronic Case Filing system this 31st day of January, 2008:

Cathy L. Rath
crath@centralstates.org

Anthony E. Napoli
tnapoli@centralstatesfunds.org

John Joseph Franczyk, Jr.
jfranczyk@centralstates.org

Thomas M. Weithers
tweithers@centralstates.org

/s/ Michael T. Graham
Michael T. Graham

CHI99 4933206-2.065375.0011